Law Off. of J Bacher, PLLC v Saftler (2021 NY Slip Op 05818)





Law Off. of J Bacher, PLLC v Saftler


2021 NY Slip Op 05818


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Kern, J.P., Oing, Singh, Mendez, Higgitt, JJ. 


Index No. 654334/19 565713/19 Appeal No. 14465 Case No. 2021-01913 

[*1]Law Office of J Bacher, PLLC, Plaintiff-Respondent,
v
Lawrence B. Saftler, Doing Business as Law Office of Lawrence B. Saftler, Defendant-Appellant.
Lawrence B. Saftler, Doing Business as Law Office of Lawrence B. Saftler, Third-Party Plaintiff-Appellant,
v
James Bacher, Third-Party Defendant-Respondent.


The Law Office of Steven A. Meisner, Garden City (Steven A. Meisner of counsel), for appellant.
Ledy-Gurren Bass & Siff LLP, White Plains (Nancy Ledy-Gurren of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered May 19, 2021, which, to the extent appealed from as limited by the briefs, denied defendant/third-party plaintiff's motion to compel plaintiff/third-party defendant to limit the arbitration to the issue of which partner originated the case or cases that remained unresolved on the date that Saftler & Bacher, PLLC was dissolved, unanimously reversed, on the law, with costs, and the motion granted.
The arbitration clause in the operating agreement of the now dissolved law firm is contained in a paragraph on dissolution of the partnership, and provides, "Those cases brought into the partnership where origination is unknown or in dispute will be resolved by agreement between the partners and where agreement cannot be reached, resolved by arbitration, to be decided by the partners." This narrow clause provides for arbitration of one issue only: which partner originated each case that remained unresolved on the date of the dissolution of the partnership (see Gerling Global Reins. Corp. v Home Ins. Co. , 302 AD2d 118, 126 [1st Dept 2002], lv denied 99 NY2d 511 [2003]). It does not pertain to the issue of ownership of fees and/or expenses on unfinished cases at the time of dissolution.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021